UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORP. | CIVIL NO. 14-234-SDD-SCR |
| VERSUS | JUDGE SHELLY D. DICK |
| LOUISIANA PUBLIC SERVICE COMMISSION AND ERIC SKRMETTA, SCOTT A. ANGELLE, LAMBERT C. BOISSIERE, III, CLYDE C. HOLLOWAY, FOSTER L. CAMPBELL, in their official capacities as Commissioners, and | MAGISTRATE RIEDLINGER |
| ENTERGY LOUISIANA, LLC | |

## RULING

This matter is before the Court on the Defendants' *Motion to Stay*.[1] Plaintiff has filed an *Opposition*[2] to which the Defendants filed a *Reply*.[3] The Court has carefully considered the briefs submitted by the parties and the relevant case law and finds pursuant to the doctrine of primary jurisdiction that this matter should be stayed pending a decision from the Federal Energy Regulatory Commission ("FERC") on the issues relating to the Midcontinent Independent System Operator, Inc. ("MISO") tariff and market rules which are

---

[1] Rec. Doc. No. 36.

[2] Rec. Doc. No. 44.

[3] Rec. Doc. No. 45.

underlying Plaintiff's claims before this Court.

"Primary jurisdiction is a judicially created doctrine whereby a court of competent jurisdiction may dismiss or stay an action pending a resolution of some portion of the action by an administrative agency."[4] A court "must weigh the benefits of obtaining the agency's aid against the need to resolve the litigation expeditiously and may defer only if the benefits of agency review exceed the costs imposed on the parties."[5] The ultimate question is "whether a case raises issues of fact not within the conventional experience of judges, but within the purview of an agency's responsibilities."[6] "The advisability of invoking primary jurisdiction is greatest when the issue is already before the agency."[7] Moreover, contrary to Plaintiff's argument, "a controversy involving constitutional or statutory challenges in no way prohibits a court from invoking the doctrine."[8]

To be clear, the Court acknowledges that Plaintiff's implementation claims must be decided by this Court under PURPA. However, the Court agrees with Defendants that a determination by FERC as to the MISO issues upon which Plaintiff's claims are based would be helpful to the Court.

---

[4] *Wagner & Brown v. ANR Pipeline Co.*, 837 F.2d 199, 201 (5th Cir.1988).

[5] *Id.*

[6] *Pharm. Research & Mfrs. of America v. Walsh*, 538 U.S. 644, 673, 123 S.Ct. 1855, 155 L.Ed.2d 889 (2003).

[7] *Mississippi Power & Light Co. v. United Gas Pipeline Co.*, 532 F.2d 412, 420 (5th Cir.1976).

[8] *Connecticut Light & Power Company v. South Eastern Connecticut Regional Resources Recovery Authority*, 822 F.Supp. 888, 892 (D. Connecticut, 1993).

Accordingly, the Defendant's *Motion to Stay* is GRANTED. This matter is STAYED pending FERC's resolution of the matter as described above. Within fourteen (14) days of a decision by the agency, the parties shall advise the Court that the stay should be lifted.

**IT IS SO ORDERED.**

Baton Rouge, Louisiana, this 20 day of January, 2015.

*Shelly D. Dick*
SHELLY D. DICK, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA